AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED USDC TXED
JUL 9 2025 AM10:54

| United States District Court | District: Eastern District of Texas |
|---|---|
| Name (under which you were convicted): Edward Lyon, Jr. | Docket or Case No.: 5:25-CV-00088 |
| Place of Confinement: Allred Prison Unit<br>TDCJ-CID    2101 FM 369 North<br>        Iowa Park, TX 76367-6568 | Prisoner No.: 00454153 |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
| Edward Lyon, Jr. v. Bryan Collier | |
| The Attorney General of the State of: Texas | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   102nd Judicial District - Texarkana, Texas

   (b) Criminal docket or case number (if you know): 87 F-195-102

2. (a) Date of the judgment of conviction (if you know): 20 May 1987

   (b) Date of sentencing: 20 May 1987

3. Length of sentence: LIFE

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: 1 crime / Murder

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty         ☐ (3) Nolo contendere (no contest)
   ☒ (2) Guilty             ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

_____

_____

_____

_____ N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Sixth District Court of Appeals of Texas

(b) Docket or case number (if you know): 6-87-045-CR

(c) Result: Affirmed Trial Court

(d) Date of result (if you know): 18 October 1988

(e) Citation to the case (if you know): 764 S.W.2d 1 (Tx. App. - Texarkana 1988)

(f) Grounds raised: Trial Judge disqualified by second degree relation to victim.

~~2) Insufficient evidence to support conviction~~

3) Coerced plea

Three other grounds I cannot remember

(g) Did you seek further review by a higher state court?   ☐ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Texas Court of Criminal Appeals

(2) Docket or case number (if you know): 225-89

(3) Result: Affirmed Appeal Court

AO 241 (Rev. 09/17)

  (4) Date of result (if you know): 12 January 1994

  (5) Citation to the case (if you know): 872 S.W.2d 732 (Tx. Cr. App. 1994)

  (6) Grounds raised: Trial Judge disqualified by second degree relation to victim.

  2) Insufficient evidence to support conviction

  3) Coerced plea   [3 others I do not remember]

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☒ Yes  ☐ No

If yes, answer the following:

  (1) Docket or case number (if you know): 93-8795

  (2) Result: certiorari denied

  (3) Date of result (if you know): 13 June 1994

  (4) Citation to the case (if you know): 512 U.S. 1209 (1994)

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information: Post-conviction habeas corpus application.

 (a) (1) Name of court: Trial Court - returnable to Court of Criminal Appeals.

  (2) Docket or case number (if you know): WR-390-02

  (3) Date of filing (if you know): (?) December 1998 (?)

  (4) Nature of the proceeding: state habeas corpus application

  (5) Grounds raised: Trial Judge disqualified by second degree relation to victim, proven by proffer of affidavit evidence of relation by four genealogists. It took Court of Criminal Appeals five years to deny this without evidence on the discretionary review but only eight business days to deny habeas corpus relief when I presented expert witness affidavits that PROVED this relation. SEE APPENDIX 1.

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
  ☐ Yes  ☒ No

  (7) Result: Habeas Corpus relief denied without a written order.

AO 241 (Rev. 09/17)

  (8) Date of result (if you know):   11 March 2002

 (b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court:   Texas Court of Criminal Appeals (original habeas) (application)

  (2) Docket or case number (if you know):   WR-51,390-03

  (3) Date of filing (if you know):   Do not remember.

  (4) Nature of the proceeding:   Original Application for Habeas Corpus

  (5) Grounds raised: Trial Judge disqualified by second degree relation to victim, proven by proffer of evidence proving the relation by four credentialed, expert witness genealogists.

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
   ☐ Yes   ☒ No

  (7) Result: Denied without a written order.

  (8) Date of result (if you know): 26 January 2005

 (c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court:   102nd Judicial District Court

  (2) Docket or case number (if you know):   Trial Court 05C-1227-102  |  Texas Supreme Court 06-0274

  (3) Date of filing (if you know):   I do not remember.

  (4) Nature of the proceeding:   Audita Querela and Quo Warranto

  (5) Grounds raised: Trial Judge not qualified to preside due to lack of personal jurisdiction as He was second degree affinity relation to murder victim per Article 5, § 11 of Texas Constitution and Article 30.01 of Texas Code of Criminal Procedure. Texas Supreme Court transferred this case to Texas Court of Criminal Appeals on 23 June 2006. It was NEVER even docketed by the Texas Court of Criminal Appeals.

AO 241 (Rev. 09/17)

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes    ☒ No

  (7) Result: There was no result. Case never docketed.

  (8) Date of result (if you know): No date. No result. See # 7 above.

 (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

  (1) First petition:   ☒ Yes    ☐ No

  (2) Second petition:   ☒ Yes    ☐ No

  (3) Third petition:   ☒ Yes    ☐ No

 (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A
N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

  **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Plea agreement/contract between Lyon and State breached to Lyon's detriment by ex post facto laws impairing the obligation of said contract. See EXHIBIT 1.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): At time of plea, Article 42.18 § C, Tex. Code Criminal Procedure (TCCP) allowed mandatory supervision release for ALL non-death penalty prisoners. Title 37, Texas Administrative Code, § 145.10.(a)-(2) then mandated parole reviews yearly and denials ONLY 1 year long per 65th Texas Legislature. The Texas Legislature later enacted Chapter 508, §§ 149.(1)-(2) and 141(g1) of the Texas Government Code making murder convictees ineligible for mandatory supervision release and allowing parole denials up to 5 years in length.

(b) If you did not exhaust your state remedies on Ground One, explain why: Remedies were exhausted. Please see EXHIBIT 1. NOTE: Neither the Trial Court nor the Texas Court of Criminal Appeals barred me for a successive writ application OR laches because this issue did not become germane until after I became eligible for parole. The motion for rehearing to the Texas Court of Criminal Appeals went into full detail of Texas and U.S. Constitution for ex post facto and impairment of contractual obligations.

AO 241 (Rev. 09/17)

 (c)   **Direct Appeal of Ground One:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

  (2) If you did not raise this issue in your direct appeal, explain why: <u>This issue did not become germane until Lyon reached parole eligibility, long after the appeal process was over.</u>

 (d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes   ☐ No

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: <u>Application for post-conviction habeas corpus.</u>

  Name and location of the court where the motion or petition was filed: <u>102nd Judicial Court at Texarkana, TX - returnable to Texas Court of Criminal Appeals.</u>

  Docket or case number (if you know): <u>87F0195-102 / WR-51,390-05</u>

  Date of the court's decision: <u>30 April 2025</u>

  Result (attach a copy of the court's opinion or order, if available): <u>Denied without written order. No copy available.</u>

  (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

  (4) Did you appeal from the denial of your motion or petition? See #7 below - ☒ Yes   ☐ No

  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

  (6) If your answer to Question (d)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: <u>   N/A</u>

  Docket or case number (if you know): 

  Date of the court's decision: 

  Result (attach a copy of the court's opinion or order, if available):

<u>   N/A</u>

  (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

<u>The Texas Court of Criminal Appeals IS Texas's highest court in criminal matters. I DID submit a rehearing motion on the denial of habeas corpus relief. This motion was dismissed on 22 May 2025. Please SEE EXHIBIT 1, last 2 pages.</u>

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?   ❏ Yes   ❏ No

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ❏ Yes   ❏ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

_____

_____

   Docket or case number (if you know): _____

Page 8 of 16

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

Page 9 of 16

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❐ Yes    ❐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)   **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes    ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

Page 12 of 16

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ❏ Yes ❏ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

    N/A

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: N/A

    N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ❏ Yes ❏ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. United States District Court for the Eastern District of Texas, Texarkana Division.

1) 5:2002-cv-00164  Habeas Corpus  12 August 2002 / 11 MArch 2005
2) 5:2009-cv-00188  Quo Warraanto  18 Dec. 2009  / 17 Feb. 2010
BOTH PETITIONS SAME: Trial Judge disqualified by His second degree affinity relation to murder victim, making conviction void.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ❏ Yes ❏ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

    N/A

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: N/A
   N/A

   (b) At arraignment and plea: N/A
   N/A

   (c) At trial: Russell D. Hunt, Sr. - I am told he is deceased.

   (d) At sentencing: Russell D. Hunt, Sr. - I am told he is deceased.

   (e) On appeal: pro-se

   (f) In any post-conviction proceeding: pro-se

   (g) On appeal from any ruling against you in a post-conviction proceeding: pro-se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   N/A
   N/A

   (b) Give the date the other sentence was imposed: N/A

   (c) Give the length of the other sentence: N/A

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ~~☐ Yes   ☐ No~~   N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This issue of contract breach by State could not apply to Lyon until he became eligible for parole which was 20 May 2007. Texas has a law similar to AEDPA and both the Trial Court and Court of Criminal Appeals did not bar Lyon from filing his habeas corpus because the State breaching the contact was unavailable until 20 May 2007, long after appeals and habeas processes were over.

Page 14 of 16

AO 241 (Rev. 09/17)



\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: __Since contract can no longer be kept under laws passed after contract was entered into, the State conviction must be vacated and a new trial ordered.__

or any other relief to which petitioner may be entitled.

_____Edward Lyon, Jr._____
Signature of ~~Attorney (if any)~~ Petitioner

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __06.30.2025__ (month, date, year).

Executed (signed) on __06.30.2025__ (date).

_____Edward Lyon, Jr._____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Page 16 of 16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

EDWARD LYON, JR.         §
         v               §    CASE # _____
BRYAN COLLIER            §

VERY SHORT MEMORANDUM IN SUPPORT OF HABEAS CORPUS PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Petitioner Lyon, presenting a VERY SHORT Memorandum to This Court in support of his habeas corpus petition as follows:

During Lyon's direct appeals, he addressed his Trial Judge's violation of Article 5, $ 11 of the Texas Constitution's and Article 30.01 of the Texas Code of Criminal Procedure's (TCCP) MANDATORY prohibition of a Judge presiding in ANY case where s/he is related to the victim or accused within the third degree.

This ALSO violates the United States Constitution's Fourteenth Amendment's Due Process Clause: <u>Dyas v. Lockhart</u>, 771 F.2d 1144, 1147 and fn 1 (8th Cir. 1985); <u>Bradshaw v. McCotter</u>, 785 F.2d 1327, 1329 (5th Cir. 1986). Every Court on direct review simply denied the Trial Judge's second degree familial relation in Lyon's case in Their opinions.

Working alone from behind prison walls and without outside help, Lyon eventually obtained affidavits from four accredited/certified expert genealogists that PROVE his Trial Judge's second degree relation to the victim: APPENDIX 1. Every Court Lyon sought post-conviction relief from through collateral attacks either denied relief without a written order/opinion or denied Lyon access to the avenue of relief he sought; thus,

1

NEVER addressing the PROVEN Constitutional violation which divested his Trial Judge of personal jurisdiction in this case, resulting in this conviction being void under the law.

Currently, another Constitutional violation has begun and continues.

Lyon was coerced to plead guilty in this by threats from law enforcement officers to manufacture evidence sufficient to convict him of capital murder if he refused. The presiding of the closely related Trial Judge in this case - in effect - the Victim's father-in-law, was an extremely effective psychological tool to ensure Lyon's compliance with the coerced guilty plea.

Plea agreements are contracts between the State and defendants, as ruled by Texas's highest Court in criminal matters the Texas Court of Criminal Appeals (TCCA): Ex parte Moussazadeh, 64 S.W.3d 404, 411 (Tx. Cr. App. 2011); Ex parte Cox, 482 S.W.3d 112, 116-118 (Tx. Cr. App. 2016). These precedents must be accepted here as Federal Courts in this Circuit "...do not sit to review that state's interpretation of its own law." Arnold v. Cockrell, 306 F.3d 227, 229 (5th Cir. 2002).

One of the elements of all contracts is that it must not violate a law. Two of the governing laws in effect at the time of Lyon's plea contract acceptance by the Court were Article 42.18 § C, TCCP mandating ALL non-death penalty prisoners are eligible for mandatory supervision release from prison and Title 37, § 145.10.(a)(2) of the Texas Administrative Code [promulgated from the 65th Texas Legislature] mandating that parole denials were limited to ONLY 12 months (one year) in length. SEE page 2

exhibit 2 to EXHIBIT 1. So, in the beginning, the State complied with the contract It entered into with Lyon.

THEN, the Texas Legislature enacted 508.149.(1)-(2) and 508.141.(g1) of the Texas Government Code which made Lyon ineligible for mandatory supervision release from prison AND allowed for parole denials up to five years in length. SEE exhibit 3, page 39 of 82 (1 page) and pages 28-29 of 82 (2 pages) to EXHIBIT 1.

SO, as was, is and continues to be applied to Lyon, the contract (plea agreement) under the 65th Legislature's laws Lyon agreed to plead under, have been breached. Exhibit 4 to EXHIBIT 1 shows the State wasted NO time breaching It's contract, pulling Lyon's eligibility as a mandatory supervision prospect.

Further, the State has imposed four 5 year long parole denials to Lyon in 2007, 2012, 2017 and 2022 rather than the legally mandated one year long parole denials mandated by law in May 1987 when the State and Lyon entered into their contract (plea agreement). Lyon has done NOTHING to justify a 5 year parole denial, or set-off; having earned SEVERAL college and university degrees and successfully completed a huge number of prison and chaplaincy administered rehabilitation programs. SEE EXHIBIT 2. Foul-up prisoners are not allowed to take college and university classes taughe by free-world university professors.

The enactment of Chapter 508, §§ 149.(1)-(2) and 141.(g1) are being applied to Lyon to his detriment in an ex post facto manner violating Article 1, § 9, Clause 3 of the United States Constitution: "No bill of attainder or ex post facto law shall be

3

passed." and Article 1 § 16 of the Texas Constitution: "No bill of attainder; <u>ex post facto law, or any law impairing the obligation of contracts</u> shall be made." (line emphasis added) with Clause 3 of the Texas Constitution SPECIFICALLY addressing Lyon's situation of the legislature passing laws that impair the contractual obligation between Texas and Lyon entered into under previous laws.

United States District Judge John Feikins once opined "The Constitution is the ultimate expression of the public's interest" <u>Llewelyn v. Oakland County Prosecutor's Office</u>, 402 F.Supp. 1379, 1393 (E.D. Mich. 1975). Justice Brandeis opined: "If the Government becomes a lawbreaker, it breeds contempt for the law;...." <u>Olmstead v. United States</u>, 227 U.S. 438, 485 (1928).

By repeatedly violating the State and Federal Constitutions and violating It's contract with Lyon in his case, the Texas Government has become a lawbreaker and frustrates the expression of the public's interest.

WHEREFORE, PREMISES CONSIDERED, Lyon respectfully Begs, Moves and Prays for This Court to GRANT him habeas corpus relief; vacating his state conviction and ORDER a new trial because the terms under the laws in effect at the time of his plea contract with the State of Texas canNOT be fulfilled under current State laws, enacted AFTER the original plea contract with the State was made and accepted by the Court hearing the plea. Lyon begs mercy.

SO HUMBLY, RESPECTFULLY, BEGGED, MOVED AND PRAYED FOR.

Humbly and Respectfully Submitted,

4

06.30.2025
DATED    ON

*Edward Lyon, Jr.*
Edward Lyon, Jr.:  00454153
2101 FM 369 N.: Allred Unit
Iowa Park, TX  76367-6568

UNSWORN DECLARATION

I, Edward Lyon, Jr.: 00454153, being currently incarcerated at the James Allred prison unit of the Texas Department of Criminal Justice, declares under penalty of perjury pursuant to Title 28, section 1746 of the United States Code that the above facts in the preceeding four pages are all true and correct.

06.30.2025
DATED    ON

*Edward Lyon, Jr.*
Edward Lyon, Jr.:  00454153
2101 FM 369 N.: Allred Unit
Iowa Park, TX  76367-6568